IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIAH D. FETTER                          )
                                          ) No. 19-730
        v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY


**MEMORANDUM ORDER**

Plaintiff filed her Complaint in this action on June 21, 2019. Her Motion for Summary

Judgment followed, on September 19, 2019.  Therein, Plaintiff argued that an Administrative

Law Judge ("ALJ") erred, in various substantive respects, in denying her claim for supplemental

social security income benefits.  Subsequently, on March 17, 2020, Plaintiff filed a second

Motion for Summary Judgment, on grounds that the ALJ who rendered the unfavorable decision

had not been constitutionally appointed under Lucia v. SEC, 138 S. Ct. 2044 (2018).  Defendant

opposes the latter Motion on grounds that Plaintiff waived her Lucia argument by failing to raise

it in her initial Motion.

Within this District, Courts have recently rejected Defendant's waiver arguments under

similar circumstances.  See, e.g., Schaffer v. Saul, No. 19-01153, 2020 U.S. Dist. LEXIS 87029

(W.D. Pa. May 18, 2020); Lenz v. Saul, No. 19-489, 2020 U.S. Dist. LEXIS 88566 (W.D. Pa.

May 20, 2020).   As Judge Bloch observed, "while Lucia had been decided prior to the initial

round of briefing in this case, Cirko [v. Commissioner of Soc. Sec., 948 F. 3d 148 (3d Cir.

2020)] had not. Although a plaintiff certainly could have devised an Appointments Clause

argument in the social security context based on Lucia, Lucia did not actually address the issue

directly. Cirko did."  Waldor v. Saul, No. 18-1165, 2020 U.S. Dist. LEXIS 88565, at *6 (W.D.

Pa. May 20, 2020).  An Appointments Clause issue is consequential, as an "alleged defect in the appointment ... goes to the validity of [the court] proceeding that is the basis for this litigation." Culclasure v. Comm'r of the SSA, 375 F. Supp. 3d 559, 572 (E.D. Pa. 2019).

      I will follow the reasoning and analyses of my colleagues within this District. Plaintiff is entitled to adjudication of her claim by an ALJ other than ALJ Brash. Plaintiff's Motion is granted, and Defendant's denied, and the matter is remanded accordingly.  Given this outcome, the Court need not address Plaintiff's remaining arguments; attention is best paid to alleged errors during proceedings held on remand. Thus, Plaintiff's initial Motion is denied as moot. AND NOW, this 6th day of June, 2020, IT IS SO ORDERED.

BY THE COURT:

Donetta W. Ambrose

Senior Judge, U.S. District Court